Per Curiam.

The typewritten bill of exceptions contains nearly 400 pages of testimony in which there are numerous conflicting statements.
In our opinion, there is sufficient evidence to have raised a jury question as to defendant’s guilt. Therefore, the trial court did not err in overruling defendant’s motion for a directed verdict, and the Court of Appeals was not authorized to discharge defendant. However, the Court of Appeals has authority to reverse on the weight of the evidence, and its unanimous conclusion that this verdict is not supported by sufficient evidence is an expression of its conclusion that the verdict is against the weight of the evidence. Cf. Henry v. *189 Henry, 157 Ohio St., 319, 105 N. E. (2d), 406. In such a situation it is the sole function of the Court of Appeals to set aside the judgment and remand the cause for a new trial.
Accordingly, the judgment of the Court of Appeals reversing the judgment of the Common Pleas Court and discharging defendant is reversed, and the cause is remanded to the Common Pleas Court for a new trial. State, ex rel. Squire, Supt. of Banks, v. City of Cleveland, 150 Ohio St., 303, 82 N. E. (2d), 709; State v. Robinson, 162 Ohio St., 486, 124 N. E. (2d), 148.

Judgment reversed.

Weygandt, C. J., ZimmermaN, Stewart, Taet, Matthias and Herbert, JJ., concur.
Bell, J., not participating.